UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DOMINICK VILLAFRANCO**                          **CIVIL ACTION**

**versus**                                        **NO. 14-2329**

**WARDEN JERRY GOODWIN**                          **SECTION: "H" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Dominick Villafranco, is a state prisoner incarcerated at the David Wade Correctional Center in Homer, Louisiana. On December 13, 2012, he pleaded guilty under Louisiana law to theft of a motor vehicle, unauthorized use of a motor vehicle, and illegal possession

of a stolen automobile. He was sentenced on each conviction to a concurrent term of five years imprisonment. He then pleaded guilty to being a second offender and was resentenced as such on the theft charge to a term of five years imprisonment.[1] He did not appeal his convictions or sentences.

On April 8, 2013, petitioner filed a post-conviction application with the state district court.[2] That application was denied on May 9, 2013.[3] Apparently unaware of the district court's ruling, petitioner filed an "Application for Writ of Mandamus" with the Louisiana Fourth Circuit Court of Appeal on or about June 1, 2013.[4] The Court of Appeal denied relief, holding: "The record before the court reflects that the district court on May 9, 2013, denied relator's application for post-conviction relief."[5]

---

[1] State Rec., Vol. I of II, minute entry dated December 13, 2012; State Rec., Vol. I of II, guilty plea form.

[2] State Rec., Vol. I of II. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). The dates on which that occurred with respect to the filings in the instant case are not apparent from the record. However, the undersigned will use the signature dates as the filing dates, in that the documents could not have been placed in the prison mailing system prior the dates on which they were signed.

[3] State Rec., Vol. II of II, Order dated May 9, 2013.

[4] State Rec., Vol. II of II.

[5] State v. Villafranco, No. 2013-K-0776 (La. App. 4th Cir. June 13, 2013); State Rec., Vol. II of II.

On June 25, 2013, petitioner filed with the Louisiana Fourth Circuit Court of Appeal a "Motion to Introduce Supplemental Brief - Newly Obtained Evidence."[6] On July 9, 2013, the Court of Appeal granted that application for "the sole purpose of transferring the ... motion to introduce a supplemental brief to the district court for consideration, if it has not already done so, within sixty (60) days of this order."[7] The district court then again denied relief on August 7, 2013.[8] Petitioner's related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on November 18, 2013,[9] and by the Louisiana Supreme Court on September 19, 2014.[10]

On or after October 2, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.[11] The state argues that the federal application is untimely.[12] The state is correct.

---

[6] State Rec., Vol. II of II.

[7] State v. Villafranco, No. 2013-K-905 (La. App. 4th Cir. July 9, 2013); State Rec., Vol. II of II.

[8] State Rec., Vol. II of II, Order dated August 7, 2013; State Rec., Vol. I of II, minute entry dated August 7, 2013.

[9] State v. Villafranco, No. 2013-K-1501 (La. App. 4th Cir. Nov. 18, 2013); State Rec., Vol. II of II.

[10] State *ex rel.* Villafranco v. State, 148 So. 3d 948 (La. 2014) (No. 2014-KH-0085); State Rec., Vol. II of II.

[11] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Because petitioner signed his application on October 2, 2014, see Rec. Doc. 1, p. 14, it was obviously given to prison officials for mailing on or after that date.

[12] Rec. Doc. 11.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[13] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."  Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review.  See Foreman, 383 F.3d at 338-39.  As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.  See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on December 13, 2012. Because he did not file a direct appeal within the thirty days allowed by state law, his state criminal

---

[13] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

judgment became final no later than January 14, 2013.[14] Accordingly, his period in which to file his federal application for *habeas corpus* relief therefore commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After eighty-three (83) days elapsed, petitioner tolled the federal limitations period by filing his post-conviction application with the state district court on April 8, 2013. Once that application was denied on May 9, 2013, he had until June 10, 2013, to seek review by the Louisiana Fourth Circuit Court of Appeal.[15] When he failed to seek such review, his post-conviction application ceased to be pending on that date and the federal limitations period resumed. See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004) (a state application ceases to be pending when the time for supervisory review expires).

---

[14] See State v. Counterman, 475 So. 2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914. In this case, the thirtieth day of that period fell on a Saturday, and, therefore, petitioner had until Monday, January 14, 2013, to file an appeal. See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

[15] A litigant has thirty days to see review by a Louisiana Court of Appeal. See Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404-06 (5th Cir. 2001); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *3 & n.24 (E.D. La. Aug. 15, 2007). Because the thirtieth day here fell on a Saturday, petitioner had until Monday, June 10, 2013, to seek further review. See *supra* note 14.

Petitioner's next filing was the "Application for Writ of Mandamus" filed with the Louisiana Fourth Circuit Court of Appeal on or about June 1, 2013. However, an application for a writ of mandamus does not toll the federal limitations period. Moore v. Cain, 298 F.3d 361 (5th Cir. 2002).

After an additional fourteen (14) days of the federal limitations period elapsed, petitioner filed his "Motion to Introduce Supplemental Brief - Newly Obtained Evidence" with the Louisiana Fourth Circuit Court of Appeal on June 25, 2013. In its response, the state argues that state courts construed the "motion" as a successive post-conviction application. Although the state correctly notes that, pursuant to La. Code Crim. P. art. 925, post-conviction applications must be filed with the state district court, the state acknowledges that the Court of Appeal transferred the "motion" to the district court for consideration. In light of that fact, the state, giving petitioner "the benefit of the doubt" on this issue, opines that the motion should perhaps be considered to have tolled the federal limitations period.[16] The undersigned agrees and finds that the limitations period was therefore again tolled as of June 25, 2013, the date on which the "motion"-*cum*-"post-conviction application" was filed.[17]

Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as petitioner sought supervisory review in a timely manner. Grillette v.

---

[16] Rec. Doc. 11, p. 10.

[17] Although the state grudgingly acknowledges that tolling is appropriate, it argues that tolling should commence on the date the motion was transferred to the district court rather than on the earlier date it was filed with the Court of Appeal. The state cites no authority for that proposition, and the undersigned finds the state's position too niggardly.

Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). The state concedes that, upon denial of relief by the state district court on August 7, 2013, petitioner timely sought review by the Louisiana Fourth Court of Appeal.[18] However, the state argues that all tolling ceased on December 18, 2013, thirty days after the Court of Appeal denied relief on November 18, 2013, when petitioner failed to seek review by the Louisiana Supreme Court within the thirty days allowed under state law. See Louisiana Supreme Court Rule X, § 5(a).

On that point, the state is obviously correct. Although petitioner subsequently filed a related writ application with the Louisiana Supreme Court, that application was untimely. Because petitioner did not sign the "Writ Application Filing Sheet" which accompanied the application until January 8, 2014, the application could not have been given to prison authorities for mailing prior to that date. Therefore, even under the state's "mailbox rule," the writ application is untimely. It is clear that a federal *habeas* petitioner receives no tolling credit whatsoever for an untimely Louisiana Supreme Court writ application. Williams v. Cain, 217 F.3d 303 (5th Cir. 2000); see also Batiste v. Rader, Civ. Action No. 11-1025, 2011 WL 8185554, at *2 (E.D. La. Dec. 7, 2011), adopted, 2012 WL 2527063 (E.D. La. June 29, 2012); Marshall v. Warden, Avoyelles Correctional Center, Civ. Action No. 09-7231, 2010 WL 2977375, at *2 (E.D. La. June 11, 2010), adopted, 2010 WL 2978218 (E.D. La. July 20, 2010); Jenkins v. Cooper, Civ. Action No. 07-0216, 2009 WL 1870874, at *5 (E.D. La. June 26, 2009); Orgeron v. Cain, Civ. Action No. 06-1451, 2006 WL 2789087, at *5 (E.D. La. Sept. 8, 2006).

---

[18] Rec. Doc. 1, p. 11.

Accordingly, petitioner's federal limitations period resumed running on December 18, 2013. Because ninety-seven (97) days had already elapsed for the reasons previously explained, petitioner had only two hundred sixty-eight (268) remaining days, i.e. until September 12, 2014, either to again toll the federal limitations period or to file his federal *habeas corpus* application.

Because petitioner filed no other state applications which tolled the limitations period pursuant to 28 U.S.C. § 2244(d)(2), he obviously is not entitled to further statutory tolling.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to

- 8 -

note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). By entering his unconditional pleas, petitioner has already conceded under oath that he in fact committed and was guilty of the crimes of which he stands convicted. Moreover, even if McQuiggin applies in the context of a guilty plea, a point which is by no means clear,[19] petitioner has not made a colorable showing that he is actually innocent in light of "new evidence." Rather, in his reply to the state's response,[20] he argues that he is innocent because his prosecutions were based on "altered" evidence. However, petitioner has established neither that the evidence in question was in fact altered nor that the evidence is "new."[21]

---

[19] Some courts have held that McQuiggin's actual innocence exception does not apply where the petitioner pleaded guilty. See, e.g., Jackson v. United States, No. 13-CV-818, 2013 WL 5295701, at *3 (E.D. Wis. Sept. 18, 2013); Sidener v. United States, No. 11-CV-3085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013). But see Green v. Williams, No. 3:11-CV-00455, 2013 WL 4458971 (D. Nev. Aug. 16, 2013).

[20] Rec. Doc. 12, pp. 4-5.

[21] Moreover, as the state notes in its response, petitioner's underlying argument appears to be that the value of the vehicles here was insufficient to meet the threshold amounts necessary to support his convictions. However, that argument is based on petitioner's contention that the value was limited the "salvage value" he was paid when he sold the vehicles to an automobile salvage company. Petitioner offers no legal support for that contention, and the undersigned is aware of no authority that an item's value for the purposes of Louisiana's criminal statutes is limited to its "salvage value." On the contrary, Louisiana courts have rejected the notion that an item's value is necessarily determined by its "scrap value." See, e.g., State v. Carthan, 765 So. 2d 357, 361-62 (La. App. 3rd Cir. 1999).

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than September 12, 2014, in order to be timely. His federal application was not filed until on or after October 2, 2014, and, therefore, it is untimely.[22]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Dominick Villafranco be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[22] Although petitioner's application was filed only twenty days past the deadline, "the magnitude of [a petitioner's] tardiness" simply is not a proper consideration in determining the timeliness of a federal *habeas* application. Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002). As the United States Fifth Circuit Court of Appeals has explained:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

Id. at 264-65 (footnote omitted).

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[23]

New Orleans, Louisiana, this seventeenth day of March, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.